**DAN YU LIAN, Qing Deng
Zheng, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States
Attorney General, Respondent.**

No. 12–2484.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2013.

Adedayo O. Idowu, New York, NY, for
Petitioners.

Stuart F. Delery, Principal Deputy As-
sistant Attorney General; Francis W. Fra-
ser, Senior Litigation Counsel; W. Daniel
Shieh, Trial Attorney, Office of Immigra-
tion Litigation, United States Department
of Justice, Washington, D.C., for Respon-
dent.

PRESENT: RICHARD C. WESLEY,
GERARD E. LYNCH and
CHRISTOPHER F. DRONEY, Circuit
Judges.

### SUMMARY ORDER

Dan Yu Lian and Qing Deng Zheng,
natives and citizens of the People's Repub-
lic of China, seek review of a May 25, 2012,
decision of the BIA denying their motion
to reopen. *In re Dan Yu Lian, Qing
Deng Zheng,* Nos. A077 660 310, A079 306
964 (B.I.A. May 25, 2012). We assume the
parties' familiarity with the underlying
facts and procedural history of this case.

We review the BIA's denial of a motion
to reopen for abuse of discretion, mindful
of the Supreme Court's admonition that
such motions are "disfavored." *Ali v.
Gonzales,* 448 F.3d 515, 517 (2d Cir.2006)
(citing *INS v. Doherty,* 502 U.S. 314, 322–
23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
When the BIA considers relevant evidence
of country conditions in evaluating a mo-
tion to reopen, we review the BIA's factual
findings under the substantial evidence
standard. *See Shao v. Mukasey,* 546 F.3d
138, 169 (2d Cir.2008).

The BIA did not err in denying Lian
and Zheng's motion to reopen as untimely
and number-barred. Aliens may file only
one motion to reopen within 90 days of the
agency's final administrative decision. 8
U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R.
§ 1003.2(c)(2). Although their motion was
indisputably untimely and number-barred
because it was filed more than six years
after the agency's final order of removal
and it was their third such motion, *see* 8
U.S.C. § 1229a(c)(7)(A), (C)(i), there are
no time or numerical limitations for filing a
motion to reopen if it is "based on changed
country conditions arising in the country of
nationality or the country to which remov-
al has been ordered, if such evidence is
material and was not available and would

not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in concluding that Lian's newly commenced Falun Gong practice constituted a change in her personal circumstances rather than a change in country conditions sufficient to excuse the applicable limitations. *See Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005); *see also Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir.2008). Moreover, the BIA reasonably found that Lian and Zheng's evidence did not demonstrate a material change in country conditions because that evidence did not indicate that conditions had worsened for Falun Gong practitioners in China since the time of their hearing before the IJ. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Shao,* 546 F.3d at 169–72. Accordingly, the BIA did not abuse its discretion in denying Lian and Zheng's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).